Zhu v. Barr

BIA
Thompson, IJ
A206 576 047

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty.

PRESENT:
> JON O. NEWMAN
> JOSEPH F. BIANCO,
> WILLIAM J. NARDINI,
> *Circuit Judges.*[1]

_____

HONGCHUN ZHU,
> *Petitioner,*

> v.                                              18-3266
>                                                 NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:              Diana Rubin, Esq., Manhasset, NY.

---

1 Circuit Judge Peter W. Hall, originally a member of the panel, is currently unavailable. Circuit Judge Jon O. Newman has replaced Judge Hall on the panel for this matter. *See* 2d Cir. IOP E(b).

**FOR RESPONDENT:**   Joseph H. Hunt, Assistant Attorney General; Julie M. Iversen, Senior Litigation Counsel; Annette M. Wietecha, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hongchun Zhu, a native and citizen of the People's Republic of China, seeks review of an October 2, 2018, decision of the BIA affirming an October 26, 2017, decision of an Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hongchun Zhu,* No. A 206 576 047 (B.I.A. Oct. 2, 2018), *aff'g* No. A 206 576 047 (Immig. Ct. N.Y. City Oct. 26, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8

2

U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. We deny the petition because the agency's adverse credibility determination is supported by substantial evidence.

Zhu alleged past persecution on account of his attempt

3

to expose government corruption in enforcement of the family planning policy. As the agency found, the multiple inconsistencies in his statements provided substantial evidence for the adverse credibility determination. He was inconsistent about when he first complained to the government about his wife's forced abortion, the dates of his two arrests, the number of officers who interrogated him during his first detention, and the frequency with which he was required to report to the police. *See Likai Gao v. Barr*, No. 18-358, 2020 WL 4290009,*4 n.8 (2d Cir. July 28, 2020) ("recogniz[ing] that even a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible" and thus "[m]ultiple inconsistencies would so preclude even more forcefully"). He did not have compelling explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

4

He also failed to include in his written statement the fact that the police came to his home twice after he left China. While the agency may err if it relies too heavily on minor omissions, at least where the omitted information would have supplemented, rather than contradicted, earlier statements, the agency did not err here because the omission directly related to the possibility of future persecution. *See Ming Zhang v. Holder*, 585 F.3d 715, 726 (2d Cir. 2009) (holding that the agency may "draw an adverse inference about petitioner's credibility based, *inter alia*, on h[is] failure to mention" important details or events in prior statements).

The agency's demeanor finding further bolsters the adverse credibility determination. We generally defer to a demeanor finding. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005). The IJ found that Zhu was often nonresponsive to clear, direct questions, his delivery was "rote" and "lacking in expression," and he paused for long periods when confronted with his contradictions. In addition to the deference afforded these findings, they are supported by the record, which reflects that the IJ had to remind Zhu to be responsive to questions from his own attorney.

5

Having reasonably questioned Zhu's credibility, the agency reasonably relied on his failure to rehabilitate his testimony with reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Zhu's only corroboration of his alleged past harm was letters from his wife and neighbor in China, a medical record for treatment after his first arrest and beating, and a receipt for the fine he allegedly paid for violating the family planning policy. The agency did not err in declining to afford significant weight to these documents because the authors were not available for cross-examination, Zhu's wife was an interested party and her letter omitted Zhu's claim that the police came to their home twice after he left for the United States, Zhu's neighbor's letter was inconsistent with Zhu's initial statement that he had to report monthly to the police, the medical record and fine receipt were not authenticated, and the medical record was inconsistent with Zhu's testimony.

6

*See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to spouse's letter from China); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (letters from alien's friends and family did not provide substantial support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

As final matters, Zhu's arguments on appeal to the BIA and this Court that his testimony was negatively impacted by his mental state, side effects from herbal medication, and the interpreter's poor performance are unpersuasive. Zhu points to no specific errors in the interpretation and the record reflects that the interpreter sought clarification when needed. Zhu provided no evidence that he was under the influence of the medication at the time of his hearing, nor did he allege at the hearing that any mental or physical impairment was preventing him from answering questions.

Accordingly, the inconsistencies, omission, demeanor finding, and lack of reliable corroboration constitute

7

substantial evidence for the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66. This adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same discredited factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court